Andrew Reichardt, Utah Bar # 11343
Attorney for Claudia Alanis
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

---

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CLAUDIA ALANIS, § § § Plaintiff, § § v. § § UNITED OF OMAHA LIFE INSURANCE § CO.; O. C. TANNER CO.; and O. C. § TANNER CO. LONG TERM § DISABILITY PLAN, § § Defendants. § | **ERISA COMPLAINT** Civil Action No. (         ) |

---

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, CLAUDIA ALANIS, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long Term Disability benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.   This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits

plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan constitutes a "plan under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.     Venue is proper within the Central District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.     Plaintiff, Claudia Alanis, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Salt Lake County, Utah.

5.     Plaintiff alleges upon information and belief that O. C. Tanner Co. Long Term Disability Plan (hereinafter "The Plan"), is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.  The Plan may be served with process by serving the Plan Administrator, O. C. Tanner Co., 1930 S. State St., Salt Lake City, UT 84115.

6.     Plaintiff alleges upon information and belief that Defendant O. C. Tanner Co. is, and at all relevant times was, the Plan Sponsor and may be served with process by serving O. C. Tanner Co., 1930 S. State St., Salt Lake City, UT 84115.

7.     Plaintiff alleges upon information and belief that United of Omaha Life Insurance Co. (hereinafter "United of Omaha") is an insurance company authorized to transact the business of insurance in this state.  United of Omaha is the underwriter for Group Policy

Number GLTD-322E and may be served with process by serving United of Omaha Life Insurance Co., Mutual of Omaha Plaza, Omaha, NE 68175.

8.      Plaintiff alleges upon information and belief that Defendant United of Omaha established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this law suit, and was the *de facto* decision-maker in Plaintiff's claim.

## FACTS

9.      The Plaintiff was employed by O. C. Tanner Co. in its Utah office. By virtue of her employment, the Plaintiff is a participant or beneficiary of the Plan, including the Long Term Disability benefit plan.

10.     The Plan provides participants with coverage under group disability insurance policy number GLTD-322E, issued by United of Omaha.

11.     The Plan provides benefits for an employee who, due to Injury or Sickness, is "(a) prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and (b) unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness."

12.     The Plaintiff ceased work due to a disability on or about December 1, 2015, while covered under the Plan.

13.     The Plaintiff made a timely application for Long Term Disability benefits under the Plan.

14.     By letter dated August 1, 2016, United of Omaha denied Long Term Disability benefits under the Plan.

15. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff timely appealed the denial of benefits.

16. By letter dated February 27, 2017, Plaintiff's appeal was denied.

17. The Plaintiff has exhausted the required plan appeals. United of Omaha issued its final decision on February 27, 2017 refusing to issue disability benefits.

18. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

19. The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

20. The Court's standard of review is de novo under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

21. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

22. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

23. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION
FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in paragraphs 1 through 23 as if fully stated herein and says further that:

24. Under the terms of the Plan, Defendants agreed to provide Plaintiff with Long Term Disability benefits in the event that Plaintiff became disabled as defined by the Plan, and to continue benefits for two years if the Plaintiff remained disabled.

25. Plaintiff remains disabled under the terms of the Plan.

26. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

27. The decision to terminate benefits was wrong under the terms of the Plan.

28. The decision to terminate benefits and the decision-making process were arbitrary and capricious.

29. The decision to terminate benefits was not supported by substantial evidence in the administrative record.

30. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under the Plan.

31. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Claudia Alanis, requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against all Defendants;

2. Damages in the amount equal to the disability benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Defendant Employer to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan;

6. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the administrative record consecutively paginated.

Dated this 9th day of August, 2017.

                Respectfully Submitted,

                ANDREW REICHARDT
                ATTORNEY FOR PLAINTIFF

BY:    /s/ Andrew Reichardt
          Andrew Reichardt (#11343)
          The Law Office of Andrew Reichardt, PLLC
          5330 South 900 East, #115

Salt Lake City, UT 84117  
Phone: (801) 261-3400  
Fax: (801) 261-3535  
E-mail: andrew@utdisability.com